IN THE UNITED STATESDISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **CRIMINAL NO. 19-** |
| v. | : | **DATE FILED:** |
| **GREGORY GRAHAM-PEREZ**<br>a/k/a "Q"<br>**LEROY GRAY**<br>a/k/a "Scrap"<br>a/k/a "Raheen Arnold" | : | **VIOLATIONS:** |

|  |  |
|---|---|
| : | **21 U.S.C. § 846 (conspiracy to distribute 500 grams or more of methamphetamine - 1 count)** |
| : | **21 U.S.C. § 841(a)(1), (b)(1)(B) (distribution of 50 grams or more of methamphetamine – 4 counts)** |
| : | **21 U.S.C. § 841(a)(1), (b)(1)(A) (possession with intent to distribute of 500 grams or more of methamphetamine – 1 count)** |
| : | **21 U.S.C. § 841(a)(1), (b)(1)(B) (possession with intent to distribute 500 grams or more of cocaine – 1 count)** |
| : | **18 U.S.C. § 922(g)(1) (possession of a firearm by a felon – 2 counts)** |
| : | **18 U.S.C. §922(o)(1) (possession of a machine gun – 1 count)** |
| : | **21 U.S.C. § 856(a)(2) (maintaining a drug house – 1 count)** |
| : | **18 U.S.C. § 924(c)(1)(possession of a firearm in furtherance of a drug trafficking crime – 2 counts)** |
| : | **18 U.S.C. § 2 (aiding and abetting)** |
| : | **Notices of forfeiture** |

## I N D I C T M E N T

## COUNT ONE

## THE GRAND JURY CHARGES THAT:

At all times material to this Indictment:

1.     Defendant GREGORY GRAHAM-PEREZ, a/k/a "Q," resided at a home located on the 1500 block of South Myrtlewood Street, Philadelphia, Pennsylvania ("the South Myrtlewood Location").

2.     Defendant LEROY GRAY, a/k/a "Scrap," resided at a home located on the 4800 block of North 9th Street, Philadelphia, Pennsylvania ("the North 9th Street Location").

3.     The individual hereafter identified as "the Buyer," whose identity is known to the grand jury, was a Confidential Informant working with the Federal Bureau of Investigation ("FBI") posing as a private citizen interested in purchasing controlled substances.

4.     From on or about April 24, 2019, through on or about May 16, 2019, in Philadelphia, in the Eastern District of Pennsylvania, defendants

**GREGORY GRAHAM-PEREZ,**
**a/k/a "Q," and**
**LEROY GRAY,**
**a/k/a "Scrap,"**

conspired and agreed, together with others known and unknown to the grand jury, to knowingly and intentionally distribute a controlled substance, that is 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A).

## MANNER AND MEANS

It was a part of that conspiracy that:

1.     Defendants GREGORY GRAHAM-PEREZ and LEROY GRAY were business associates who arranged for the sale of methamphetamine to the Buyer on several occasions for profit in Philadelphia, in the Eastern District of Pennsylvania.

2

2.    Defendant LEROY GRAY introduced the Buyer to defendant GREGORY GRAHAM-PEREZ for the purpose of setting up future purchases of methamphetamine in Philadelphia.

3.    Defendant LEROY GRAY provided the Buyer with defendant GREGORY GRAHAM-PEREZ'S telephone number, (XXX) XXX-4517, to arrange for sales of methamphetamine to the Buyer.

4.    Defendant GREGORY GRAHAM-PEREZ communicated with the Buyer over a cellular phone on numerous occasions to arrange for sales of methamphetamine in Philadelphia.

5.    Defendant LEROY GRAY served as a source of supply of methamphetamine for GRAHAM-PEREZ, and they both worked together for profit to sell large quantities of methamphetamine to the Buyer.

6.    Defendant LEROY GRAY stored methamphetamine at the North 9th Street Location.

7.    To protect their narcotics trafficking activities, defendants LEROY GRAY and GREGORY GRAHAM-PEREZ stored firearms in their residences.

3

## OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, defendants GREGORY GRAHAM-PEREZ and LEROY GRAY, and others unknown to the Grand Jury, committed the following overt acts, among others, in Philadelphia, in the Eastern District of Pennsylvania:

1.      In or about April 2019, defendant LEROY GRAY provided the Buyer with defendant GREGORY GRAHAM-PEREZ'S cellphone number to enable the Buyer to purchase methamphetamine through defendant GRAHAM-PEREZ.

On or about April 24, 2019:

2.      The Buyer contacted defendant GREGORY GRAHAM-PEREZ on his cellphone to arrange for defendant GRAHAM-PEREZ to provide a sample of methamphetamine to the Buyer.

3.      Defendant GREGORY GRAHAM-PEREZ provided the Buyer with approximately two grams of methamphetamine so that the Buyer could evaluate its quality and determine whether to purchase additional methamphetamine from defendant GRAHAM-PEREZ in the future.

On or about April 26, 2019:

4.      The Buyer contacted defendant GREGORY GRAHAM-PEREZ on his cellphone to arrange for the purchase of methamphetamine in Philadelphia.

5.      Defendant GREGORY GRAHAM-PEREZ drove to the North 9th Street Location where he picked up defendant LEROY GRAY, and they proceeded to the Buyer's location to make an exchange of money for methamphetamine.

4

6.   The Buyer purchased approximately 121 grams of methamphetamine directly from defendant GREGORY GRAHAM-PEREZ in exchange for $1,500.

7.   After the sale of methamphetamine to the Buyer, defendant GREGORY GRAHAM-PEREZ drove back to the North 9th Street Location and dropped off defendant LEROY GRAY.

On or about May 8, 2019:

8.   The Buyer contacted defendant GREGORY GRAHAM-PEREZ on his cellphone to arrange for the purchase of methamphetamine in Philadelphia.

9.   Defendant GREGORY GRAHAM-PEREZ drove to the North 9th Street Location where he picked up defendant LEROY GRAY, and they proceeded to the Buyer's location to make an exchange of money for methamphetamine.

10.   The Buyer purchased approximately 121 grams of methamphetamine directly from defendant GREGORY GRAHAM-PEREZ in exchange for $1,500.

11.   After the sale of methamphetamine to the Buyer, defendant GREGORY GRAHAM-PEREZ drove back to the North 9th Street Location and dropped off defendant LEROY GRAY.

On or about May 15, 2019:

12.   The Buyer contacted defendant GREGORY GRAHAM-PEREZ on his cellphone to arrange for the purchase of methamphetamine in Philadelphia.

13.   Defendant GREGORY GRAHAM-PEREZ met with the Buyer at a gas station where the Buyer purchased approximately 116 grams of methamphetamine from defendant GRAHAM-PEREZ in exchange for $1,500.

5

14.     Immediately after the sale of methamphetamine to the Buyer, defendant GREGORY GRAHAM-PEREZ drove to the North 9th Street Location and met with defendant LEROY GRAY.

On or about May 16, 2019:

15.     The Buyer contacted defendant GREGORY GRAHAM-PEREZ on his cellphone to arrange for the purchase of methamphetamine in Philadelphia.

16.     Defendant GREGORY GRAHAM-PEREZ met with the Buyer in a parking lot where he provided approximately 340 grams of methamphetamine to the Buyer in exchange for a sum of money.

17.     Defendant GREGORY GRAHAM-PEREZ then fled on foot from law enforcement.

18.     Defendant GREGORY GRAHAM-PEREZ possessed approximately $1,400, which he had received from the Buyer as partial payment for the methamphetamine.

19.     Inside the South Myrtlewood Location, defendant GREGORY GRAHAM-PEREZ possessed a loaded firearm.

20.     Inside the North 9th Street Location, defendant LEROY GRAY possessed two firearms, approximately 523 grams of methamphetamine, and approximately 514 grams of cocaine.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about April 26, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, defendant

### GREGORY GRAHAM-PEREZ,
### a/k/a "Q,"

knowingly and intentionally distributed, and aided and abetted the distribution of, 50 grams or

more, that is, approximately 121 grams of a mixture and substance containing a detectable

amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B) and Title

18, United States Code, Section 2.

7

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 8, 2019, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### GREGORY GRAHAM-PEREZ,
### a/k/a "Q,"

knowingly and intentionally distributed, and aided and abetted the distribution of, 50 grams or more, that is, approximately 121 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B) and Title 18, United States Code, Section 2.

8

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 15, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, defendant

### GREGORY GRAHAM-PEREZ,
### a/k/a "Q,"

knowingly and intentionally distributed, and aided and abetted the distribution of, 50 grams or

more, that is, approximately 116 grams of a mixture and substance containing a detectable

amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B) and Title

18, United States Code, Section 2.

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 16, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, defendant

### GREGORY GRAHAM-PEREZ,
### a/k/a "Q,"

knowingly and intentionally distributed, and aided and abetted the distribution of, 50 grams or

more, that is, approximately 340 grams of a mixture and substance containing a detectable

amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B) and Title

18, United States Code, Section 2.

10

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 16, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, defendant

### GREGORY GRAHAM-PEREZ,
### a/k/a "Q,"

knowingly possessed in and affecting interstate and foreign commerce a firearm, that is, a .40

caliber Glock, model 23 pistol, bearing serial number SX4015, loaded with 15 live rounds of .40

caliber ammunition, having been convicted in a court of the Commonwealth of Pennsylvania of a

crime punishable by imprisonment for a term exceeding one year, and knowing that he had been

convicted of such a crime.

In violation of Title 18, United States Code, Section 922(g)(1).

11

## COUNT SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 16, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, defendant

### GREGORY GRAHAM-PEREZ,
### a/k/a "Q,"

knowingly possessed a machinegun, as defined by Title 18, United States Code, Section

921(a)(23), and Title 26, United States Code, Section 5845(b), that is, a machinegun conversion

device intended for use in converting a semiautomatic Glock pistol to fire automatically.

In violation of Title 18, United States Code, Section 922(o).

12

## COUNT EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 16, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, defendant

### LEROY GRAY,
### a/k/a "Scrap,"

knowingly and intentionally possessed with intent to distribute, and aided and abetted the

possession with intent to distribute 500 grams or more, that is, approximately 523 grams of a

mixture and substance containing a detectable amount of methamphetamine, a Schedule II

controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A) and Title

18, United States Code, Section 2.

13

## COUNT NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 16, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, defendant

### LEROY GRAY,
### a/k/a "Scrap,"

knowingly and intentionally possessed with intent to distribute 500 grams or more, that is,

approximately 514 grams of a mixture and substance containing a detectable amount of cocaine,

a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B).

14

## COUNT TEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 16, 2019, in Philadelphia, in the Eastern District of

Pennsylvania, defendant

### LEROY GRAY,
### a/k/a "Scrap,"

knowingly possessed in and affecting interstate and foreign commerce a firearm, that is, at least

one of the following:  (1) a stolen Smith & Wesson .40 caliber pistol, bearing serial number

FYM6820, loaded with one live round of .40 caliber ammunition, and (2) an Atak Arms .38

caliber revolver with an obliterated serial number, having been convicted in a court of the

Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding

one year, and knowing that he had been convicted of such a crime.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT ELEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

From at least on or about April 26, 2019, to on or about May 16, 2019, in

Philadelphia, in the Eastern District of Pennsylvania, defendant

**LEROY GRAY,**
**a/k/a "Scrap,"**

managed and controlled a residence located at 4829 North 9th Street, Philadelphia, Pennsylvania,

and knowingly and intentionally made available for use the residence, for the purpose of

unlawfully manufacturing, storing, distributing, and using controlled substances, that is,

methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 856(a)(2).

## COUNT TWELVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 16, 2019, in Philadelphia, in the Eastern District of Penn-

sylvania, defendant

### GREGORY GRAHAM-PEREZ,
### a/k/a "Q,"

knowingly possessed a firearm, that is, a .40 caliber Glock, model 23 pistol, bearing serial

number SX4015, loaded with 15 live rounds of .40 caliber ammunition, in furtherance of a drug

trafficking crime for which he may be prosecuted in a Court of the United States, that is,

distribution of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1),

as charged in Count Five of this Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

17

## COUNT THIRTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about May 16, 2019, in Philadelphia, in the Eastern District of Pennsylvania, defendant

### LEROY GRAY
### a/k/a "Scrap,"

knowingly possessed a firearm, that is, a stolen Smith & Wesson .40 caliber pistol, bearing serial number FYM6820, loaded with one live round of .40 caliber ammunition, and an Atak Arms .38 caliber revolver with an obliterated serial number, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, that is, possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1), as charged in Count Eight of this Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

18

## NOTICE OF FORFEITURE 1

**THE GRAND JURY FURTHER CHARGES THAT:**

As a result of the violations of Title 18, United States Code, Sections 922(g)(1)

and 924(c)(1), as set forth in this indictment, defendants

**GREGORY GRAHAM-PEREZ,**
**a/k/a "Q," and**
**LEROY GRAY,**
**a/k/a "Scrap,"**

shall forfeit to the United States of America all firearms and ammunition involved in the

commission of these offenses, including but not limited to:

1.  a .40 caliber Glock, model 23 pistol, bearing serial number SX4015, loaded with 15 live rounds of .40 caliber ammunition;

2.  a stolen Smith & Wesson .40 caliber pistol, bearing serial number FYM6820, loaded with one live round of .40 caliber ammunition;

3.  an Atak Arms .38 caliber revolver with an obliterated serial number; and

4.  All other ammunition recovered or purchased during the conspiracy.

All pursuant to Title 18, United States Code, Section 924(d), made applicable by

Title 28 United States Code, Section 2461(c).

## NOTICE OF FORFEITURE 2

**THE GRAND JURY FURTHER CHARGES THAT:**

1.  As a result of the violations of Title 21, United States Code, Sections 846, 841(a)(1), set forth in this indictment, defendants

**GREGORY GRAHAM-PEREZ,**
**a/k/a "Q," and**
**LEROY GRAY,**
**a/k/a "Scrap,"**

shall forfeit to the United States of America:

   a)   any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations and;

   b)   any property constituting, or derived from, proceeds obtained, directly or indirectly, from the commission of such violations, including all United States Currency.

2.  If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

   a)   cannot be located upon the exercise of due diligence;

   b)   has been transferred or sold to, or deposited with, a third party;

   c)   has been placed beyond the jurisdiction of the Court;

   d)   has been substantially diminished in value; or

   e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property subject to forfeiture.

All pursuant to Title 21, United States Code, Section 853.

**A TRUE BILL:**

_____

**FOREPERSON**

**WILLIAM M. McSWAIN**
**United States Attorney**